**99–2261. Cuyahoga Cty. Bar Assn. v. Meros.**

IT IS ORDERED by the this court, *sua sponte*, that Thomas L. Meros, Attorney Registration No. 0005345, last known business address in Cleveland, Ohio, is found in contempt for failure to comply with this court's order of July 12, 2000, to wit: failure to pay board costs in the amount of $31.21 on or before October 10, 2000.

**99–2268. Disciplinary Counsel v. Ryan.**

IT IS ORDERED by this court, *sua sponte*, that Irving Andrew Ryan, Attorney Registration No. 0033416, last known business address in Berea, Ohio, is found in contempt for failure to comply with this court's order of June 21, 2000, to wit: failure to pay board costs in the amount of $55.54 on or before September 19, 2000.

## MISCELLANEOUS DISMISSALS

**00–1785. In re Olah.**

Lorain App. No. 99CA007318. This cause is pending before the court as an appeal from the Court of Appeals for Lorain County. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**00–1968. In re Olah.**

Lorain App. No. 99CA007318. This cause is pending before the court on the certification of a conflict by the Court of Appeals for Lorain County. Upon consideration of appellant's application for dismissal,

IT IS ORDERED by the court that the application for dismissal be, and hereby is, granted.

ACCORDINGLY IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*Wednesday, August 22, 2001*

## MOTION DOCKET

**86–512. State v. Byrd.**

Hamilton App. No. C–830676. By entry filed March 20, 2001, this court ordered that appellant's sentence be carried into execution on Wednesday, the 12th day of September, 2001. In order to facilitate this court's timely consideration of any matters relating to the execution of appellant's sentence,

IT IS ORDERED by the court that the Chief Justice may suspend application of any provisions of the Rules of Practice of the Supreme Court, including, but not limited to, the filing requirements imposed by S.Ct.Prac.R. XIV(1).

IT IS FURTHER ORDERED by the court that service of documents as required by S.Ct.Prac.R. XIV(2), shall be personal or by facsimile transmission.

IT IS FURTHER ORDERED by the court that counsel of record for the parties shall supply this court with a copy of any document relating to this matter that is filed in, or issued by, any other court in this state or any federal court, as well as any commutation, pardon, or warrant of reprieve issued by the Governor. A copy of the document shall be delivered to the Office of the Clerk as soon as possible, either personally or by facsimile transmission.